## STIRRAT *et al. v.* EXCELSIOR MANUF'G CO.

*(Circuit Court, E. D. Missouri, E. D.*　October 2, 1890.)

1. PATENTS FOR INVENTIONS—BILL TO RESTRAIN INFRINGEMENT—PLEADING.

　　A bill to restrain the infringement of a patent must either set out the patent, or attach it, as an exhibit, or give a substantial description of the invention, else it is open to demurrer.

2. SAME—SURPLUSAGE—EXCEPTIONS TO BILL.

　　A clause in the bill averring that, when complainants' application was on file, another for a patent on the same device was also filed, and that upon interference declared the patent was awarded to complainants, but that a subsidiary and infringing patent was also awarded on the other application, under which patent defendant pretends to be manufacturing, is mere surplusage, that cannot be reached by demurrer, but by exceptions to the bill.

In Equity.　On demurrer to bill.

*Fowler & Fowler,* for complainants.

*Paul Bakewell,* for defendant.

MILLER, Justice, (*orally.*)　In this case a demurrer to the bill was submitted to us on yesterday.　The first ground of demurrer is that while this is a patent case brought to restrain an infringement of complainants' patent, yet the patent itself is not set out in the bill, or attached thereto, as an exhibit, nor does the bill contain any substantial description of the complainants' invention.　Of course, it is open to demurrer on that account, as has several times been decided.　The complainants' counsel admitted as much on the argument, and that point of the demurrer must be sustained.

Another point of the demurrer is addressed to what appears to be a kind of second clause in the bill.　In this clause complainants aver that, when their application was on file in the patent-office, O'Keefe and Filley filed an application for a patent on the same device; that an interference was declared between the two applications, and that such proceedings were had in the patent-office, that complainants' claims were sustained and a patent awarded to them; and that, subsequently, a subsidiary patent was awarded to O'Keefe and Filley covering mere details of construction.　The clause of the bill in question further alleges that the defendant company now pretends to be manufacturing the alleged infringing device under the O'Keefe and Filley patent.　We do not see what that clause of the bill has to do with the case.　It certainly does not show any independent right to equitable relief, nor do we see that it strengthens the right to relief under the other averments of the bill.　For the purpose of determining what construction or breadth should be given to the claims of the respective patents, it may be proper or even necessary, on final hearing, to consider what took place in the patent office when the interference proceedings were pending.　But we see no occasion to make any mention of those proceedings in the bill. The trouble with this branch of the demurrer is, however, that the clause in question is mere surplusage, and the point attempted to be raised

cannot well be raised by demurrer. It can only be raised by way of exceptions to the bill. Although the clause in question, under the view we take of it, has no place in the bill, for the reasons above stated, yet we do not see how we can well sustain this point of the demurrer. If I were the pleader in the case I would file a new bill omitting the objectionable matter. As it is, the complainants will have to file a new bill, inasmuch as the first point of the demurrer is sustained, and we will make no order on the other point of the demurrer. Let the entry be that the first point of the demurrer is sustained, with leave to complainants to file an amended bill on or before October 20th.